UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| DR. STELLA C. BATAGIANNIS, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 4:04cv0035 AS |
| | ) | |
| WEST LAFAYETTE COMMUNITY | ) | |
| SCHOOL CORPORATION, | ) | |
| KAREN SPRINGER, in her official and | ) | |
| individual capacity, | ) | |
| ELIZABETH MATTINGLY, in her | ) | |
| official and individual capacity, | ) | |
| GALE KVAM, | ) | |
| NANCY OFFUTT, in her official and | ) | |
| individual capacity, | ) | |
| DOROTHY RAUSCH, in her official and | ) | |
| individual capacity, | ) | |
| STEPHEN SHOOK, in his official and | ) | |
| individual capacity, and | ) | |
| CINDY SIGURDSON,  in her official and | ) | |
| individual capacity, | ) | |
| | ) | |
| **Defendants** | ) | |

## *PROLOGUE*

"It is always pleasant when the troublesome process of terminating an employee whose job performance is perceived as unsatisfactory can be concluded with a polite handshake and a heartfelt 'fare thee well.'  Unfortunately, that ideal firing most often remains just that – an ideal." *Baird v. Board of Education of School District No. 205*, 389 F.3d at 697.

### *MEMORANDUM OPINION AND ORDER*

The complaint in this case was filed by counsel for Dr. Batagiannis on May 6, 2004, slightly more than a year ago. There is a massive record including cross motions for summary judgment or, more accurately, in some cases for partial summary judgments. Those have been thoroughly briefed and extended oral arguments in open court in Lafayette, Indiana on May 24, 2005 which this court greatly appreciates. There is a companion state court proceeding in the courts of Tippecanoe County, Indiana that reflect parallel disputes over state law issues between these parties which is a part of the larger controversy here. There is no question that this plaintiff had a contract to be superintendent in the defendant school corporation. *Board of Regents v. Roth*, 408 U.S. 564 (1971). *See also Sandin v. Conner*, 515 U.S. 472 (1995).

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of

law should be granted in the moving party's favor.  *Celotex*, 477 U.S. at 324  (quoting

FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998).  A

question of material fact is a question which will be outcome determinative of an issue in the

case.  The Supreme Court has instructed that the facts material in a specific case shall be

determined by the substantive law controlling the given case or issue.  *Anderson*, 477 U.S.

at 248.  Once the moving party has met the initial burden, the opposing party must "go

beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material]

issue for trial.'"  *Id.*  The nonmoving party cannot rest on its pleadings, *Weicherding v.

Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918

(7th Cir. 1994);  nor may that party rely upon conclusory allegations in affidavits.  *Smith v.

Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all

reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort

Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996).  Furthermore, it is required to analyze

summary judgment motions under the standard of proof relevant to the case or issue.

*Anderson*, 477 U.S. at 252-55.  Applying the above standard, this Court addresses

defendants' motion.

Generally there is certainly so-called state action here by all defendants.  *See West v.

Atkins*, 487 U.S. 42 (1988).  This court is not bottoming any decision here under qualified

immunity as enunciated in *Harlow v. Fitzgerald,* 457 U.S. 800 (1982).  The relevant

procedures here do not rise to the level of common law court proceedings or criminal

indictments.  A crude comparison might be made to the limited due process requirements reflected in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  However, that comparison should not be taken too far or too seriously.  It is also true that the perfect can often be the enemy of the good.  Here, a school board is elected in a community with the responsibility of governing and managing a school system including the employment of a superintendent.  It is not a court and it does not exercise any judicial functions.  But it is required by the law and by the Constitution to engage in a certain species of procedural and on occasion, perhaps, substantive due process.  The focus of the argument heard on behalf of the plaintiff on May 24, 2005 was basically of the procedural variety.  When one listened to the able attorney argue for the plaintiff, at some moments it seemed that the procedural standards advocated come close to being those for a court or a formal administrative body rather than a school board.  The process here was not perfect, but it was adequate under the due process clause of the Fourteenth Amendment of the Constitution of the United States as it has been enunciated by the Supreme Court and various decisions in this circuit.  More on them in a minute.  In fact, in one particular, the school board permitted a species of cross-examination that really finds its origins in the Sixth Amendment of the Constitution of the United States and not particularly the Fifth or the Fourteenth.

To be candid and not overly simplistic, the lawyers in this case have and now it is the court's obligation to give close attention to two very recent decisions of the Court of Appeals in this circuit for dealing in this very context.  One is from Illinois, namely, *Baird v. Board of Education of School District No. 205*, 389 F.3d 685 (7th Cir. 2004) (petition for cert.

4

pending), and the other is from Wisconsin, namely, *Beischel v. Stone Bank School District*, 362 F.3d 430 (7th Cir. 2004). Each of these cases was handled by the Court of Appeals by separate and distinct panels resulting in very able decisions. It is not for this court to here and now determine that there may be tension between these two recent cases, but it is the obligation of this court to follow them as faithfully as possible. Notwithstanding the quotation at the outset of this opinion, it is the basic determination here that both the reasoning and result in *Beischel* is appropo here rather than the result in *Baird*. An interesting and relevant object lesson can be found in *Vukadinovich v. Board of School Trustees of North Newton School Corp.*, 278 F.3d 393 (7th Cir. 2002), and *Vukadinovich v. Board of School Trustees of Mishawaka*, 978 F.2d 403 (7th Cir. 1992). Also an unpublished follow-up decision in *Vukadinovich v. Board of Trustees of North Newton School Corp.,* 77 Fed. at Appx. 385, 2003 WL 22295244 (7th Cir. 2003).

An additional word needs to be said about the concept of retaliation. *See Morfin v. City of East Chicago*, 349 F.3d 989 (7th Cir. 2003). Reference is also made to the way in which that concept played out in the school teacher tenure process in *Vukadinovich* at 278 F.3d at pages 699-700. Incidentally, the description of insubordination in that case and the cases cited in it also may have some considerable reference here.

When the totality of the record is looked at here carefully, the actions taken did not come down to a retaliation for engaging in a protected activity. The tensions between this school board and this superintendent were in existence well before the filing of the state court lawsuit. It is certainly true that defamation claims are generally not cognizable under §1983.

5

*See Paul v. Davis*, 424 U.S. 693 (1976).  It certainly must be said that sometimes the democratic processes are unseemly. This on occasion includes both the legislative, administrative and judicial processes.  The processes of terminating this contract with this superintendent were anything but perfect.  But this court cannot say that there were clear violations of the Constitution of the United States and cannot say that the processes chosen violated the commands, particularly of the Fourteenth Amendment of that Constitution. There is always a very great danger that United States district judges sitting in on these kinds of hot-button disputes can become inclined to wade in emotionally to the personal, social, and political agendas that may be at work.  That should be resisted as much as possible.  That may be difficult to avoid, but the effort should be made.  It is the conclusion of this court that summary judgment should be **GRANTED** to the defendants against the plaintiff and **DENIED** as to the plaintiff against the defendants.  Such judgment shall enter accordingly with each party bearing its own costs.  It is the hope and belief that this would well constitute a final, appealable judgment in this case.  **IT IS SO ORDERED**.

    **DATED:**  May 26, 2005

                                        s/ ALLEN SHARP
                            **ALLEN SHARP, JUDGE**
                            **UNITED STATES DISTRICT COURT**